IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA SOLESBEE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF INYO, INYO COUNTY INTEGRATED WASTE MANAGEMENT, a government entity, ROBERT MAYHUGH, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | 1:13-cv-1548 AWI JLT<br><br>MEMORANDUM OPINION AND ORDER ON MOTION OF DEFENDANT INYO COUNTY TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT<br><br>Doc. # 41 |

In this action for damages, Defendant County of Inyo ("County") has moved to dismiss the second claim for relief of plaintiff Tanya Solesbee ("Plaintiff"), which alleges liability against County pursuant to Monell v. Dep't Soc. Servs., 436 U.S. 658, 694 (1978) for violation of rights under the Fourteenth Amendment in violation of 42 U.S.C. § 1983. The currently operative First Amended Complaint ("FAC") was filed on August 7, 2014, following the court's dismissal without prejudice of a similar claim in Plaintiffs' original complaint. See Doc. # 36 at 13:6—18. Plaintiff's second claim for relief is the only claim currently alleged against County. For the reasons that follow, the court will deny County's motion to dismiss.

//

//

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For purposes of the motion presently before the court, the facts of this case can be simply summarized. Plaintiff was sentenced following conviction by the Superior Court to a county-sponsored program called the "Work Release Alternative Program" ("WRAP"). The commitment to the WRAP program required Plaintiff to perform manual labor at County's land fill facility under the supervision of Integrated Waste Management supervisor, Defendant Mayhugh. On her first day at the WRAP worksite, September 4, 2014, Plaintiff alleges she was subjected to three separate instances of sexual harassment or assault by Mayhugh. Plaintiff's original complaint alleged a number of claims alleging violation of statutes protecting employee rights under federal and state law. The court's Memorandum Opinion and Order granting in part and denying in part County's motion to dismiss Plaintiff's original complaint (hereinafter, the "August 7 Order") held that Plaintiff was not an "employee" within the meaning of the relevant statutes and consequently dismissed Plaintiff's claims for violation of 42 U.S.C. § 2000e and California Gov. Code §§ 12940(j) and 12940(a) with prejudice. The court also dismissed Plaintiff's claim for violation of Cal. Civ. Code § 51.9 with prejudice because the statute protects a class of business relationships not inclusive of the relationship between Plaintiff and County; but pointed out that the claim could be re-alleged under section 52.4.

The court's August 7 Order dismissed Plaintiff's Monell claim because the "facts necessary to sustain a claim for entity liability" were scattered in the complaint and "not incorporated into Plaintiff's fifth claim for relief." Doc. # 36 at 13:12-13. Plaintiff's FAC alleges the following with regard to County's liability under Monell:

> Here, after the sexual violence occurred, PLAINTIFF contacted Detective Shane Scott and his partner to tell them about MAYHUGH and report what had happened. Detective Scott and his partner stated that they knew of a couple of other girls with the same complaints. They then asked PLAINTIFF to call MAYHUGH while in their presence. PLAINTIFF did so, but MAYHUGH did not answer the phone. [¶ . . . ¶] Because Detective Scott and his partner stated that they knew a couple of other girls who made the similar complaints of sexual harassment, Plaintiff is informed and believes and thereon alleges that the COUNTY had knowledge (or constructive knowledge) of MAYHUGH's previous sexual assaults on other women through its agents in the Police Department, agents in the WRAP program, and/or agents at WASTE MANAGEMENT

before the assault on PLAINTIFF.

Doc. # 38 at ¶¶ 44 and 47.  It is County's contention that the new allegations set forth in Plaintiff's FAC do not support a claim for Monell liability for failure to supervise.

Defendant's motion to dismiss was filed on September 17, 2014.  Plaintiff's opposition was filed on October 28, 2014 and Defendant's reply was filed on November 10, 2014.  The matter was taken under submission as of November 17, 2014.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

Generally, a governmental entity is liable only for the actions of "its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell v. Dep't of Soc. Services, 436 U.S. 658, 694 (1978). "To hold a local government liable for an official's conduct, a plaintiff must first establish that the official (1) had final policymaking authority 'concerning the action alleged to have caused the particular constitutional or statutory violation at issue' and (2) was the policymaker for the local governing body for the purposes of the particular act." Weiner v. San Diego County, 210 F.3d 1025, 1028 (9th Cir.2000). A governmental entity "is not liable for the random acts or isolated incidents of unconstitutional action by a non-policymaking employee. [Citations.]" Sepatis v. City and County of San Francisco, 217 F.Supp.2d 992, 1005 (N.D. Cal. 2002). To impose liability against a county for a violation of constitutional rights on the basis of official policy or procedure, a plaintiff must show: (1) that plaintiff was deprived of a constitutional right; (2) that the municipality had a policy; (3) that this policy amounted to deliberate indifference of plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation." Id. (citing Plumeau v. Sch. Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

Case authority in this circuit has broadened the meaning of "policy" such that a plaintiff may establish municipal liability "by demonstrating that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the

local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.' [Citation]" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & County of San Francisco, 308 F.3d 968, 984-985 (9th Cir. 2002).  Further, a policy "may be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" Nadell v. Las Vegas Metro. Police Dept., 268 F.3d 924, 929 (9th Cir. 2001) (quoting Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992).  "A plaintiff need not show that a municipality affirmatively encouraged officers to take the lives of citizens; rather a municipality may be liable under Section 1983 for constitutional injuries inflicted by its officers if it fails to adequately guard against such injuries through training and supervision." Perrin v. Gentner, 177 F.Supp.2d 1115, 1123 (D. Nev. 2001). "A municipality will be held to a 'constructive notice' standard for failing to take corrective measures where information about officer misconduct plainly indicates a need for such measures." Id.

Courts, including this court, commonly apply the legal standard for a motion to dismiss in consideration of the kinds of information a plaintiff could be expected to have available prior to discovery.  See, e.g. Phillips v. County of Fresno, 2013 WL 6243278 (E.D. Cal. December 3, 2013) at *10 (citing Wool v. Tandem Computers, Inc., 818 F.2d 1443, 1439 (9th Cir. 1987).  The fundamental question a court is answering in a motion to dismiss is whether the complaint, shorn of mere legal conclusions and "formulaic recitations of legal elements" states facts that would lift a claim to the level of *plausibility* such that, under Twombly and Iqbal, the plaintiff should be allowed to proceed to discovery where the facts to prove the complaint's allegations would be expected to be found; or where the absence of such facts would tend to indicate the futility of the

plaintiff's claim. Thus, it is not required that a plaintiff plead facts that are directly admissible or that are conclusive as to the issue being tried, but only that the plaintiff allege *facts* that sufficient to justify the further inquiry into discoverable information that would not otherwise be available to the plaintiff.

It is true, as County contends, that Plaintiff's FAC does not allege facts to show that Mayhugh actually committed prior acts of sexual harassment on other women working under the WRAP program. Nor does the allegation that Plaintiff was told by the investigating officer that he had heard of such complaints in the past constitute proof of direct or constructive notice to County of an extant problem. However, in the court's view, the allegations quoted above from Plaintiff's FAC are sufficient to indicate that information demonstrating actual or constructive knowledge of a pattern of unconstitutional behavior by Mayhew may *plausibly* exist in police or County records. The court finds that the limited allegations quoted above are sufficient for pleading purposes because it places County on notice of the records that it can access to prove the non-viability of Plaintiffs or to which Plaintiff is entitled to support her claims. County's motion to dismiss will therefore be denied.

THEREFORE, pursuant to the foregoing discussion, it is hereby ORDERED that the motion of Defendant County is hereby DENIED.

IT IS SO ORDERED.

Dated:   March 16, 2015                       _____
                                              SENIOR  DISTRICT  JUDGE