WAUKEEN Q. MCCOY, ESQ. (SBN: 168228)
McCOY LAW FIRM
555 Montgomery Street, Suite 1100
San Francisco, California  94111
Telephone:      (415) 675-7705
Facsimile:       (415) 675-2530
E-mail:           mail@mccoyslaw.com

Attorney for Plaintiff,
Tanya Solesbee

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA SOLESBEE, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF INYO, a governmental entity, INYO COUNTY INTEGRATED WASTE MANAGEMENT, a government entity, ROBERT MAYHUGH, an individual, and DOES 1 through 10, inclusive;<br><br>        Defendants. | Case No. 1:13-cv-01548-AWI-JLT<br><br>**JOINT STIPULATION TO MODIFY THE SCHEDULING ORDER FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY ; DECLARATION OF WAUKEEN MCCOY IN SUPPORT THEREOF; [~~PROPOSED~~]**<br><br>**ORDER GRANTING THE REQUEST IN PART**<br><br>(Doc. 63) |

**JOINT STIPULATION**

   Plaintiff TANYA SOLESBEE and Defendants, COUNTY OF INYO and ROBERT MAYHUGH, by and through their respective counsel of record, hereby stipulate that the deadlines in the May 13, 2015 Scheduling Order be extended to allow the parties to adequately complete the discovery needed to present all the issues to the Court.

   WHEREAS, the operative complaint in this action was filed on August 25, 2014 in the United States District Court, Eastern District of California, by Plaintiff;

1  WHEREAS, on May 13, 2015, the Honorable Jennifer L. Thurston issued a Scheduling
2  Order setting forth the discovery deadlines, non-dispositive motion deadlines, and dispositive
3  motion deadlines;
4  WHEREAS, the Scheduling Order required non-expert discovery to be completed by
5  February 15, 2016; expert discovery to be completed by April 25, 2016; non-dispositive motions
6  to be filed by May 9, 2016 and a hearing by June 6, 2016; and dispositive motions to be filed by
7  June 20, 2016 and a hearing by August 1, 2016;
8  WHEREAS the parties have engaged in written discovery, but meet and confer efforts to
9  resolve discovery disputes have delayed production of responsive documents and the taking of
10  depositions;
11  WHEREAS, the parties are engaging in a good faith settlement effort, but need further
12  discovery in order to engage in meaningful settlement discussion;
13  WHEREAS, the parties have been meeting and conferring on an appropriate protective order
14  to allow a full production of documents, which is necessary for Plaintiff to conduct the
15  depositions of the Defendants;
16  WHEREAS, the parties believe they require a limited extension of time to complete
17  discovery and file motions, without affecting the pretrial conference or trial dates established by
18  the Court;
19  WHEREAS, the parties have not made any previous requests to extend any discovery
20  deadlines in this action:
21  THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and
22  Defendants, through their respective counsel, that the deadlines in the May 13, 2015 Scheduling
23  Order be extended as follows:
24  1. The Non-Expert Discovery Deadline, which is currently set for February 15, 2016, shall
25     be extended to **April 30, 2016**.
26  2. The Expert Discovery Deadline, which is currently set for April 25, 2016, shall be
27     extended to **June 9, 2016**.
28

3. The deadline for parties to file any non-dispositive pre-trial motions shall be extended from May 9, 2016 to **June 23, 2016**, and the deadline for non-dispositive pre-trial motions to be heard shall be extended from June 6, 2016 to **July 21, 2016**.

4. The deadline for parties to file any dispositive pre-trial motions shall be extended from June 20, 2016 to **August 4, 2016**, and the deadline for dispositive pre-trial motions to be heard shall be extended from August 1, 2016 to **September 15, 2016**.

IT IS SO STIPULATED.

By: _____/s/_____
Waukeen Q. McCoy, Esq.,
Attorney for Plaintiff, Tanya Solesbee

Dated: January 11, 2016

By: _____/s/_____
John Kirby, Esq.,
Attorney for Defendant County of Inyo

Dated: January 11, 2016

By: _____/s/ Charles Taylor____
Charles Taylor, Esq.,
Attorney for Defendant, Robert Mayhugh

Dated: January 11, 2016

# ORDER

Before the Court is the stipulation of counsel to extend the deadlines set forth in the scheduling order. (Doc. 66)  The stipulation fails to set forth the reasons why they have not completed written discovery and indicates only that counsel have engaged in meet-and-confer efforts related to a discovery dispute.  Id. at 2. They state further that this dispute has delayed them in taking depositions.  Id.  They say also that a dispute over drafting a protective order has also arisen and they are working on this.[1]  Id.

They do not explain why they waited until so late in the process to complete their discovery.  As of November 2015, when they filed the mid-discovery status conference, it was apparent that counsel had made only a modest effort toward completing discovery.  (Doc. 63 at 2) Though Plaintiff had propounded written discovery, responses were due in early November, suggesting that the discovery had not been propounded until late September or early October. County had propounded written discovery and had received responses.  Id. Mayhugh had propounded no written discovery. Id.  Despite this, no party suggested that they could not comply with the February 15, 2016 discovery deadline.  Id. (As an aside, the Court notes that the February deadline was one *they* proposed at the time the Court developed the case schedule. (Doc. 54 at 6))  As a result, the Court admonished, "Counsel are reminded of their obligation to complete all discovery within the time frames set forth in the Scheduling Order."  (Doc. 64)

Stipulations to amend the case schedule must demonstrate good cause and a determination whether this has been shown is informed by the diligence of the parties in conducting this discovery; unfortunately, this latter information has not been detailed in the stipulation.  The case schedule informed counsel,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

---

[1] They say also that they are having settlement discussions also.  However, settlement discussions often are part of litigation and should have been anticipated and taken into account proposing dates for the scheduling order.  This does not constitute good cause to amend the case schedule.

Failure to comply with this order may result in the imposition of sanctions.
(Doc. 57 at 8, emphasis in the original)

Scheduling orders are intended to alleviate case management problems. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." <u>Koplove v. Ford Motor Co.</u>, 795 F.2d 15, 18 (3rd Cir. 1986). Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." <u>Johnson</u>, 975 F.2d at 610 (quoting <u>Gestetner Corp. v. Case Equip. Co.</u>, 108 F.R.D. 138, 141 (D. Maine 1985)). The parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

Finally, the parties suggests significant changes to the case schedule while ignoring that the proposed amendments fail to provide Judge Ishii sufficient time to consider and decide any dispositive motions before the pretrial conference. As it stands the proposed hearing date for dispositive motions is a mere four days before the pretrial conference; this is insufficient. Judge Ishii needs *eight weeks* between the hearing on the motion and the pretrial conference. Thus, the proposed amended schedule is unworkable for the Court and cannot be granted. However, the Court will provide some assistance because there is a very minimal showing of good cause, though no showing of diligence. Thus, the Court **ORDERS:**

1. The Non-Expert Discovery Deadline is extended to **April 25, 2016**. **<u>Absolutely no other amendments to the case schedule are authorized. Absolutely no further stipulations or motions to amend the case schedule will be entertained absent a showing of exceptional good cause and a showing of diligence.</u>**

IT IS SO ORDERED.

   Dated:   **January 14, 2016**              **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE