UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA SOLESBEE, | ) Case No.: 1:13-cv-1548 AWI JLT |
| Plaintiff. | ) ORDER GRANTING THE MOTION OF PLAINTIFF'S COUNSEL TO WITHDRAW AS THE ATTORNEY OF RECORD |
| v. | ) |
| COUNTY OF INYO, et al., | ) (Docs. 70, 74) |
| Defendants. | ) |

Waukeen McCoy and his firm, McCoy Law Firm, P.C., seek to withdraw as counsel for Plaintiff. (Docs. 70, 74)  The Court held a hearing on May 20, 2016, the motion was not opposed by any party and Plaintiff did not appear at the hearing.  For the reasons set forth below, the motion to withdraw as attorney of record is **GRANTED**.

I.     **Background**

In this action, Ms. Solesbee claims she suffered sexual harassment and a hostile work environment while participating in the Work Release Assistance Program.  (Doc. 1 at 2.)  She claims defendant Mayhugh made sexual comments to her and sexually assaulted her.  Id. at 3-5.  She brings claims under 42 USC § 1983, Title VII and California' Fair Employment and Housing Act in addition to other claims.  Id. at 6-11.

In this motion, Plaintiff's attorney reports that during a telephone call in which he updated the

1

plaintiff about the status of her case, she became verbally abusive and used foul language. (Doc. 70 at 6-7) As a result, Mr. McCoy determined he could no longer effectively represent her. Id. at 6-7. Mr. McCoy notified Plaintiff that he intended to withdraw from the case and followed this up with a letter detailing the same. Id. Plaintiff has failed to respond (Id. at 7) and failed to oppose the motion.

## II.     Legal Standards for Withdrawal of Counsel

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. Withdrawal is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

Id. Likewise, California's Rules require the moving attorney to serve notice of motion and the declaration and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and withdrawal "may be granted subject to such appropriate conditions as the Court deems fit." LR 182; see Canandaigua Wine Co., Inc. v. Moldauer, 2009 WL 989141, at *1 (E.D. Cal. Jan. 13, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. Id. at *1-2.

## III.    Discussion and Analysis

Mr. McCoy's declaration demonstrates that the attorney-client relationship has broken down such that he has no option but to withdraw. (Doc. 70 at 6-7) Moreover, Ms. Solesbee is aware of the motion given the fact that Mr. McCoy told her on the telephone and in writing that he intended to withdraw from the case. Id. Likewise, Mr. McCoy served Plaintiff a copy of the motion to her last

known address as required by the California Rules.  (Doc. 70 at 11-12; Doc. 74-1)  No party has filed an opposition or a statement of non-opposition to the motion to withdrawal, and it does not appear Plaintiff would suffer prejudice as a result of the withdrawal.  Given that the matter is not set for trial for six months, it appears any delay caused by the withdrawal would be minimal and there is little risk of harm to the administration of justice.

### IV.     Conclusion and Order

Mr. McCoy followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as counsel, and set forth sufficient reasons for the withdrawal.  Therefore, the Court is acting within its discretion to grant the motion to withdraw.  *See* LR 182.  Accordingly, **IT IS HEREBY ORDERED**:

1. The motion to withdraw (Docs. 70, 74) is **GRANTED**;

2. The Clerk's Office **SHALL TERMINATE** Waukeen McCoy and the McCoy Law Firm P.C. as counsel of record for Plaintiff on the Court docket, and update the docket to reflect Plaintiff's self-represented status and her last known address as follows:

> Tanya Solesbee
> 515 Sierra Street
> Bishop, CA 93514

3. The Court sets a status conference on **June 22, 2016 at 9:45 a.m**.  Counsel may appear via CourtCall.

4. **No later than June 3, 2016**, Ms. Solesbee **SHALL** file a notification with the Court indicating whether she intends to represent herself going forward or whether she will retain a new attorney.  If Ms. Solesbee intends to hire an attorney, she SHALL state when this will occur.

**Plaintiff is advised that her failure to comply with this or any order of the Court may result in the action being dismissed.**

IT IS SO ORDERED.

Dated:   **May 20, 2016**                         **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

3